IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Genesta Kachel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   1:23-cv-15892 |
| | ) | |
| Velocity Investments, LLC, a New Jersey limited liability company, and Asset Recovery Solutions, LLC, an Illinois limited liability company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Genesta Kachel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) part of the acts and transactions occurred here; b) Defendant Asset Recovery Solutions resides here; and c) both Defendants transact business here.

**PARTIES**

3. Plaintiff, Genesta Kachel ("Kachel"), is a citizen of the State of Florida, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for an Upgrade account.

4. Defendant, Velocity Investments, LLC ("Velocity"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mails, and/or the internet, and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Velocity operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. ARS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Illinois.

6. Defendant Velocity is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects directly or through other collection agencies. Defendant Velocity's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Velocity and ARS were acting as debt collectors, as that term is defined in the FDCPA, as to the defaulted consumer debt they attempted to collect from Plaintiff.

8. Defendants Velocity and ARS are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached at Group Exhibit A. In fact, Defendants conduct business in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Kachel is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a consumer loan made by Upgrade. At some point in time after the debt went into default, Defendant Velocity allegedly bought/obtained Ms. Kachel's debt and sent her a letter, dated February 7, 2023, notifying her that Velocity was the current owner of the debt. A copy of this letter is attached as Exhibit B.

10. Accordingly, on March 28, 2023, Ms. Kachel had her attorney at Legal Advocates for Seniors and People with Disabilities ("LASPD") inform Defendant Velocity that Ms. Kachel was represented by counsel, that she disputed the correctness of the debt, and that Velocity should cease contacting her and cease all further collection activities because Ms. Kachel was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter and facsimile confirmation are attached as Exhibit C.

11. Ms. Kachel's attorney's letter was sent to, and received by, Defendant Velocity at the facsimile number Velocity had listed with the Nationwide Multistate Licensing System for Consumer Access, a screen-print of which is attached as Exhibit D.

12. Despite knowing Ms. Kachel was represented by counsel, and that she refused to pay the debt, Defendant Velocity continued its collection actions by having another debt collector, Defendant ARS, send a collection letter, dated August 18, 2023, directly to Ms. Kachel, demanding payment of the debt. A copy of this collection letter email is attached as Exhibit E.

13.     Accordingly, on November 8, 2023, Ms. Kachel's attorney at LASPD had to confirm to Defendants that she was represented by counsel, and that they must cease contacting her and cease their collection actions. A copy of this letter and fax confirmation are attached as Exhibit F.

14.     Furthermore, Ms. Kachel had to take additional time, effort and expense to have another attorney send Defendants letters, dated November 10, 2023, demanding that Defendants stop their illegal collection actions. A copy of this letter is attached as Exhibit G.

## ARTICLE III STANDING

15.     In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

16.     To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

4

17. Defendants' continued direct collection actions invaded Plaintiff's right to counsel and intruded upon her seclusion; Defendants' actions were a direct invasion of Ms. Kachel's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA.

18. Defendants' collection actions alarmed, confused, and emotionally distressed Ms. Kachel, invaded her privacy, intruded upon her seclusion, and cost her time, effort and expense to try stop their collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications and Cease Collections**

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

22. Here, the letter from Ms. Kachel's attorneys at LASPD told Defendants to cease communications and cease collections. By continuing to demand payment of this debt, by directly writing to her, Defendants violated § 1692c(c) of the FDCPA.

23. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C.

§ 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

26. Defendants knew that Ms. Kachel was represented by counsel in connection with this debt because her attorneys at LASPD had sent Defendant Velocity a letter informing them, in writing, that she was represented by counsel, and had directed that Defendants cease directly communicating with her. By directly writing to Ms. Kachel, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

27. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Genesta Kachel, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Kachel, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Genesta Kachel, demands trial by jury.

                                        Genesta Kachel,

                                        By: s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: November 13, 2023

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

7